## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01835-RPM

WILLIAM BURKHARDT,

      Plaintiff,

v.

THE CITY OF LEADVILLE, COLORADO, a municipality, and
TROY HARDWICK, in his individual and official capacity.

      Defendant.

---

## STIPULATED PROTECTIVE ORDER
## CONCERNING CONFIDENTIAL INFORMATION

---

The parties, by and through their respective counsel, stipulate to the entry of this Protective Order Concerning Confidential Information, as follows:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order.

2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.    Information designated "CONFIDENTIAL" shall be defined as: (a) Documents and information produced by Defendants in the above captioned civil action, or any of Defendants' agents or representatives, when designated as "confidential" as provided herein, concerning current or former employees of Defendant City of Leadville, including personnel or personnel-related documents or internal memoranda or correctional, financial, personal identification and/or medical records of Plaintiff related to his arrest by Defendants, and (b) Documents and information produced by or obtained through releases produced by an individual party, concerning individual medical, educational, financial and/or tax records, police records and personal identification information, shall also be treated as confidential.

4.    CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5.    CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties and designated representatives for the entity Defendants;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

2

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

6.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain verbal or written agreement from such person that he or she will be bound by its provisions.

7.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate

motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10.     In the event it is necessary for the Parties to file CONFIDENTIAL information with the Court in connection with any proceeding or motion, the CONFIDENTIAL information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2.

11.     The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

12.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticitity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

13.     The parties agree that in the event information or documentation is inadvertently disclosed to an opposing party, any information or documentation so disclosed shall be immediately returned to the producing party without any copies being made or notes being taken regarding said information/documentation by those who have received the inadvertent disclosure. Further, the parties agree that no recipient of inadvertently disclosed information or

4

documentation shall utilize such information/documentation or any fruits derived therefrom for

the purpose of this litigation and that the inadvertent disclosure of information or documentation

shall not constitute a waiver of any privilege that may otherwise apply.

14.     This Protective Order may be modified by the Court at any time for good cause

shown following notice to all parties and an opportunity for them to be heard.


DONE AND ORDERED this _8_ day of _February_, 2010.

Richard P. Matsch
United States District Court Judge

STIPULATED TO AND APPROVED AS TO FORM this 5th day of February 2010.

*/s/ Rebecca T. Wallace*

*/s/ Monica N. Kovaci*

---

David A. Lane
Rebecca T. Wallace
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
(303) 571-1000

ATTORNEYS FOR PLAINTIFF

Thomas S. Rice
Monica N. Kovaci
SENTER GOLDFARB & RICE, L.L.C.
1700 Broadway, Suite 1700
Denver, Colorado 80290
(303) 320-0509

ATTORNEYS FOR DEFENDANT CITY OF
LEADVILLE

*/s/ Sean Lane*

*/s/ Douglas Jewell*

---

Jonathan A. Cross
Sean Lane
CROSS & LIECHTY, P.C.
400 S. Colorado Blvd., Ste. 900
Denver, Colorado 80426-1241
(303) 333-4122

ATTORNEYS FOR DEFENDANT
HARDWICK

Douglas Jewell
BRUNO, COLIN, JEWELL & LOWE, P.C.
1999 Broadway, Suite 3100
Denver, Colorado 80202-5731
(303) 831-1099

ATTORNEY FOR DEFENDANT
HARDWICK in his individual capacity